■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE LEMAŃSKI, Appellant. [630 NYS2d 174] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of 13 counts of a 29-count indictment charging him with rape, sodomy, sexual abuse and endangering the welfare of the minor daughter of his ex-wife. There is no merit to the contention of defendant that he was deprived of his right to a fair trial by references to uncharged acts of misconduct. The evidence complained of was properly admitted in support of the child endangerment count of the indictment (*see, People v Keindl,* 68 NY2d 410, 421-422).

There is likewise no merit to the contention of defendant that County Court erred in admitting expert testimony on child sexual abuse syndrome (*see, People v Bennett,* 79 NY2d 464, 471; *People v DeLong,* 206 AD2d 914, 915). Such testimony is admissible to show that a victim's conduct is consistent with that syndrome (*People v Taylor,* 75 NY2d 277, 285-288). Aiding the jurors to appreciate and understand matters beyond the knowledge of the average juror is the purpose of expert testimony.

Defendant was not deprived of his right to a fair trial by the court's evidentiary rulings. The court did not abuse its discre-

tion in concluding that the evidence in question was neither relevant nor admissible (*see, People v Davis*, 43 NY2d 17, 27, *cert denied* 435 US 998; *People v Glogowski*, 174 AD2d 1039, 1040, *lv denied* 79 NY2d 857).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Erie County Court, Rogowski, J.—Rape, 2nd Degree.) Present—Denman, P. J., Green, Pine, Callahan and Davis, JJ.