■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERIC GILES, Appellant. [659 NYS2d 608] —Judgment unanimously affirmed. Memorandum: Defendant appeals from·a judgment convicting him of first degree burglary, second degree assault and fourth degree criminal mischief, arising from an incident in which defendant and his brother broke into a residence and were confronted by the homeowner, whom defendant punched in the eye and knocked to the floor as the men made their escape. Defendant contends that police lacked probable cause for his arrest; that the People bolstered the identification testimony of the homeowner; that there is insufficient proof of "physical injury" to support the burglary conviction; that County Court improperly sentenced defendant as a persistent violent felony offender; and that the sentence is unduly harsh or severe.

The evidence at the suppression hearing establishes that the homeowner gave detailed descriptions of the men and their clothing to a 911 operator and to the officer who responded to the call. The homeowner also related that he had seen the men run toward Seventh North Street. That information was broadcast to the arresting officer, as was information obtained from an off-duty fireman that two men matching the broadcast description were running along Seventh North Street, about .6 miles from the scene of the crime. The arresting officer stopped

defendant and his brother, who matched the description of the burglars, and asked them to remain on Seventh North Street until he could determine whether they had been involved in the burglary. The suspects complied. The stop occurred within 15 minutes of the crime. The homeowner was promptly escorted to the scene of the stop, where he identified the suspects. Given the detailed descriptions of the suspects and their apprehension so close in time and place to the crime, the initial stop and detention were supported by reasonable suspicion (*see, People v Hicks*, 68 NY2d 234). Further, upon the homeowner's identification of the suspects, police had probable cause to arrest them (*see, People v Ryan*, 224 AD2d 644, 645, *lv denied* 88 NY2d 853; *People v Watson*, 215 AD2d 132, *lv denied* 86 NY2d 804).

Defendant has failed to preserve for our review his contention that police witnesses bolstered the identification testimony of the homeowner (*see, People v Butler*, 169 AD2d 246, 247, *lv denied* 78 NY2d 1010). Were we to exercise our power to reach that contention as a matter of discretion in the interest of justice, we would conclude that any error is harmless (*see, People v Cray*, 190 AD2d 1042, *lv denied* 81 NY2d 1012; *People v Garner*, 190 AD2d 1041, 1042, *lv denied* 81 NY2d 885; *see generally*, CPL 60.25; *People v Caserta*, 19 NY2d 18, 21; *People v Trowbridge*, 305 NY 471).

Defendant has failed to preserve for our review his contention that the evidence of physical injury is insufficient to support the burglary conviction (*see, People v Gray*, 86 NY2d 10, 19). In any event, as a result of defendant's punch, the homeowner sustained a black eye and a laceration that required five stitches, and he suffered "sharp pain" and headaches for days after the incident (*see, People v Ruttenbur*, 112 AD2d 13).

There is no merit to the contention that defendant was improperly sentenced as a persistent violent felony offender. The court did not abuse its discretion in sentencing defendant to an indeterminate term of incarceration of 22 years to life. (Appeal from Judgment of Onondaga County Court, Burke, J.—Burglary, 1st Degree.) Present—Denman, P. J., Pine, Doerr, Balio and Boehm, JJ.