THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANDON CORNEY, Appellant. [756 NYS2d 806] —Appeal from a

judgment of Oneida County Court (Dwyer, J.), entered December 21, 2000, convicting defendant after a jury trial of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]) and two counts of sexual abuse in the first degree (§ 130.65 [1]). Defendant's contention that County Court erred in charging the jury with respect to the burglary count is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]).

Defendant also failed to preserve for our review his contention that the court erred in failing to include in its jury charge an instruction that the jury was not to draw an adverse inference from the fact that defendant did not testify (*see* 300.10 [2]) and, in any event, we note that the court so charged the jury at the outset of the trial. Contrary to the further contention of defendant, the court properly assessed his competency at the time he rejected the favorable plea bargain and determined that defendant " 'ha[d] sufficient * * * ability to consult with his lawyer with a reasonable degree of rational understanding * * * of the proceedings against him' " (*People v Picozzi*, 106 AD2d 413, 413 [1984]; *see also People v Tortorici*, 249 AD2d 588, 589 [1998], *affd* 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.