■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. BROOKS, Appellant. [810 NYS2d 615]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered February 21, 2003. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Contrary to the contention of defendant, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that Supreme Court erred in admitting the hearsay testimony of two police officers in evidence because that testimony improperly bolstered the undercover officer's identification of defendant, we conclude that the error is harmless (see generally People v Giles, 239 AD2d 936, 937 [1997], lv denied 90 NY2d 905 [1997]). The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (see People v Ford, 262 AD2d 1052 [1999], lv denied 93 NY2d 1044 [1999]; People v Jenkins, 175 AD2d 648, 649 [1991], lv denied 78 NY2d 1012 [1991]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).

Defendant further contends that the court erred in refusing to give an expanded identification charge. Upon our review of the court's charge, we conclude that it reasonably mirrored the expanded identification charge requested by defendant and "sufficiently apprised the jury that the reasonable doubt standard applied to identification" (People v Knight, 87 NY2d 873, 874 [1995]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Smith, JJ.