THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAELJON H. LORD, Appellant. [872 NYS2d 312]—Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered October 10, 2006. The judgment convicted defendant, upon a jury verdict, of rape in the second degree, criminal sexual act in the second degree, endangering the welfare of a child, and unlawfully dealing with a child in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, rape in the second degree (Penal Law § 130.30 [1]), and endangering the welfare of a child (§ 260.10 [1]), defendant contends that County Court abused its discretion in failing, sua sponte, to order a competency evaluation before trial (*see* CPL 730.30 [1]; *People v Tortorici*, 92 NY2d 757, 765-766 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d 878, 879-880 [1995]). We reject that contention, inasmuch as the record is devoid of any indication that the court had "a 'reasonable ground for believing that [the] defendant [was] in such state of idiocy, imbecility or insanity that he [was] incapable of understanding the charge, indictment or proceedings or of making his defense' " (*Tortorici*, 92 NY2d at 765; *see People v Corney*, 303 AD2d 1006 [2003], *lv denied* 1

NY3d 570 [2003]). We also reject the contention of defendant that the court deprived him of his right to a fair trial by admitting in evidence references to uncharged crimes. The references to those uncharged crimes were properly admitted in evidence to support the count charging endangering the welfare of a child (*see People v Keindl*, 68 NY2d 410, 421-422 [1986], *rearg denied* 69 NY2d 823 [1987]; *People v Lemanski*, 217 AD2d 962 [1995]). Defendant failed to preserve for our review his contention with respect to the alleged inaccuracy of information relied upon by the court in sentencing him (*see People v Leeson*, 299 AD2d 919, 920 [2002], *lv denied* 99 NY2d 560 [2002]; *People v Washington*, 291 AD2d 780 [2002], *lv denied* 98 NY2d 682 [2002]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.