■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON GRANDIN, Appellant. [880 NYS2d 826]—Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered March 14, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of two counts of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [b]), defendant contends that he was denied effective assistance of counsel based on his attorney's failure to request a mental competency examination pursuant to CPL article 730. That contention does not survive either the plea of guilty or the waiver by defendant of the right to appeal because he failed to demonstrate that "the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Robinson*, 39 AD3d 1266, 1267 [2007], *lv denied* 9 NY3d 869 [2007] [internal quotation marks omitted]). Moreover, by failing to move to withdraw his plea of guilty or to vacate the judgment of conviction on that ground, defendant failed to preserve that contention for our review (*see People v Hall*, 50 AD3d 1467, 1468-1469 [2008], *lv denied* 11 NY3d 789 [2008]). We reject the further contention of defendant that County Court abused its discretion in failing sua sponte to order a mental competency examination (*see People v Jermain*, 56 AD3d 1165 [2008], *lv denied* 11 NY3d 926 [2009]). Defendant's challenge to the severity of the sentence is encompassed by the waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Pine, JJ.