# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1308

KA 11-00593

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

JOSHUA D. MAHLEY, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered December 20, 2010. The judgment convicted defendant, upon his plea of guilty, of rape in the second degree and sexual abuse in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection issued in favor of the victim of sexual abuse in the second degree to expire on November 22, 2016 and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the second degree (Penal Law § 130.30 [1]) and sexual abuse in the second degree (§ 130.60 [2]). Defendant failed to preserve for our review his contention that County Court relied on inaccurate information in sentencing him with respect to the rape conviction (*see People v Lord*, 59 AD3d 1010, *lv denied* 12 NY3d 855), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The sentence imposed upon the rape conviction is not unduly harsh or severe.

Defendant further contends that the court erred in fixing the duration of the orders of protection. Although defendant also failed to preserve that contention for our review (*see People v Nieves*, 2 NY3d 310, 317-318), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The order of protection issued in favor of the victim of rape does not exceed the maximum legal duration, but the order of protection issued in favor of the victim of sexual abuse in the second degree exceeds the maximum legal duration. The version of CPL 530.13 (4) (B) in effect at the time the judgment was rendered provided that

the duration of an order of protection entered with respect to a class A misdemeanor conviction shall not exceed "five years from the date of the expiration of the maximum term of a definite or intermittent term actually imposed."  Further, "the duration may not be applied to the aggregate sentence but, rather, must be added to the maximum term of the sentence imposed for the count upon which the order of protection was based" (*People v Jackson*, 85 AD3d 1697, 1699, *lv denied* 17 NY3d 817 [internal quotation marks omitted]).  Thus, the order of protection at issue may not exceed five years from the expiration of the one-year definite sentence imposed upon the conviction of sexual abuse in the second degree (*see* CPL 530.13 [former (4) (B)]).  Taking into account the applicable jail time credit, we therefore modify the judgment by amending the order of protection issued in favor of the victim of sexual abuse in the second degree to expire on November 22, 2016.

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court