# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

975

KA 10-01843

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DAVID JACKSON, DEFENDANT-APPELLANT.

---

KEVIN J. BAUER, ALBANY, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered June 3, 2010. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [1]), defendant contends that his plea was not knowing, intelligent, and voluntary. Defendant failed to move to withdraw his plea or to vacate the judgment of conviction on that ground and thus has failed to preserve his contention for our review (*see People v Francis*, 53 AD3d 1112, 1113, *lv denied* 11 NY3d 736). This case does not fall within the narrow exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666). In any event, defendant's contention lacks merit (*see People v Moorer*, 63 AD3d 1590, 1591, *lv denied* 13 NY3d 837; *People v Jones*, 42 AD3d 968, 968). Defendant's further contention that he was denied effective assistance of counsel does not survive his plea of guilty inasmuch as "[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Burke*, 256 AD2d 1244, 1244, *lv denied* 93 NY2d 851; *see People v Barnes*, 32 AD3d 1250, 1251).

We agree with defendant that his waiver of the right to appeal is invalid and thus does not encompass his challenge to the severity of the period of postrelease supervision. "[I]t is not clear that 'the trial court engaged in a full and adequate colloquy, and [that] defendant expressly waived [his] right to appeal without limitation' " (*People v Maracle*, 19 NY3d 925, 928; *see generally People v Hidalgo*, 91 NY2d 733, 737), and defendant's waiver of the right to appeal also

is invalid "inasmuch as the record fails to establish that 'defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Balkum*, 71 AD3d 1594, 1595, *lv denied* 14 NY3d 885; *see People v Daniels*, 68 AD3d 1711, 1712, *lv denied* 14 NY3d 887; *People v Williams*, 59 AD3d 339, 340, *lv denied* 12 NY3d 861).  Nevertheless, we reject defendant's challenge to the severity of the period of postrelease supervision.

Entered:  October 5, 2012                          Frances E. Cafarell
                                                   Clerk of the Court