— Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered May 20, 2011. The judgment convicted defendant, upon his plea of guilty, of misdemeanor driving while intoxicated, vehicular manslaughter in the second degree and leaving the scene of a personal injury incident resulting in death without reporting.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of vehicular manslaughter in the second degree (Penal Law § 125.12 [1]), leaving the scene of a *1561 personal injury incident resulting in death without reporting (Vehicle and Traffic Law § 600 [2] [a], [c] [ii]), and driving while intoxicated (§ 1192 [3]). We agree with defendant that his purported waiver of the right to appeal is unenforceable because the record does not establish that County Court “ ‘engaged in a full and adequate colloquy, and [that] defendant expressly waived [his] right to appeal without limitation’ ” (People v Maracle, 19 NY3d 925, 928 [2012]; see People v Jackson, 99 AD3d 1240 [2012]). Nevertheless, based on our review of the record, we perceive no basis for reducing defendant’s sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). Present — Scudder, PJ., Smith, Centra, Lindley and Whalen, JJ.