# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

569

KA 12-02354

PRESENT: SCUDDER, P.J., SMITH, CENTRA, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMISON SANBORN, DEFENDANT-APPELLANT.

---

J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered April 3, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and menacing in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, robbery in the first degree (Penal Law § 160.15 [3]). We agree with defendant that his waiver of the right to appeal is not valid (*see People v Jackson*, 99 AD3d 1240, 1240-1241, *lv denied* 20 NY3d 987). During the plea colloquy, County Court "conflated the appeal waiver with the rights automatically waived by the guilty plea" (*People v Martin*, 88 AD3d 473, 474, *affd* 19 NY3d 914; *see People v Hawkins*, 94 AD3d 1439, 1439-1440, *lv denied* 19 NY3d 974; *People v Tate*, 83 AD3d 1467, 1467), and thus "the record fails to establish that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Jackson*, 99 AD3d at 1241 [internal quotation marks omitted]). Although defendant's contentions with respect to the severity of the sentence therefore are not encompassed by the invalid waiver, we nevertheless conclude that the sentence is not unduly harsh or severe. In light of our determination, we do not address defendant's remaining contentions with respect to his waiver of the right to appeal.

Entered: June 7, 2013                         Frances E. Cafarell
                                              Clerk of the Court