# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1248**
**KA 13-00656**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                          V                          MEMORANDUM AND ORDER

ANTHONY PARSON, JR., DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DIANE S. MELDRIM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered August 28, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that County Court erred in refusing to suppress his statements and evidence seized by the police from his vehicle. The court credited the police officer's testimony that, as he approached defendant's vehicle from the opposite direction in the late evening, he observed that the vehicle had a cracked windshield and an object hanging from the rearview mirror. The officer made a U-turn and stopped defendant's vehicle. When defendant rolled down the window, the officer smelled burnt marihuana and asked defendant if he had been using marihuana. Defendant responded yes, and the officer then asked defendant to exit the vehicle. The officer searched both defendant and the vehicle and found marihuana on defendant's person and in the vehicle, and also found a weapon inside the vehicle. Contrary to defendant's contention, the officer properly stopped defendant's vehicle upon observing violations of Vehicle and Traffic Law § 375 (22) and (30) (*see People v Robinson*, 97 NY2d 341, 349; *People v Dempsey*, 79 AD3d 1776, 1777, *lv denied* 16 NY3d 830). We accord great weight to the court's determination " 'because of its ability to observe and assess the credibility of the witnesses,' " and conclude that its findings should not be disturbed (*People v Mejia*, 64 AD3d 1144, 1145, *lv denied* 13 NY3d 861; *see People v Daniels*, 117 AD3d 1573, 1575; *see generally People v Prochilo*, 41 NY2d 759, 761).

Defendant's contentions concerning the propriety of the search of his person and his vehicle are not preserved for our review (*see* CPL 470.05 [2]; *People v Adger*, 83 AD3d 1590, 1591, *lv denied* 17 NY3d 857), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Defendant next contends that he was denied effective assistance of counsel because defense counsel failed to cross-examine the police witness at the suppression hearing with a vehicle inventory form that purportedly showed that there was no damage to the vehicle. Defendant contends that such evidence supported his assertion that, contrary to the officer's testimony, the windshield was not cracked. The vehicle inventory form is not a part of the record on appeal, and therefore defendant's contention must be raised in a motion pursuant to CPL article 440 (*see People v Dizak*, 93 AD3d 1182, 1185, *lv denied* 19 NY3d 972, *reconsideration denied* 20 NY3d 932).

We disagree with our dissenting colleague that defendant was denied effective assistance of counsel based on defense counsel's failure to advance a more vigorous challenge to the officer's testimony regarding his reasons for stopping defendant's vehicle. Although defendant's contention survives his guilty plea to the extent that he contends that his plea was infected by the allegedly ineffective assistance (*see People v Neil*, 112 AD3d 1335, 1336, *lv denied* 23 NY3d 1040; *People v Brown*, 63 AD3d 1650, 1651), we conclude that it lacks merit. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404). Here, defendant received an advantageous plea inasmuch as he received the minimum sentence for his conviction. Defense counsel cross-examined the officer about the object that was hanging from the vehicle's mirror, and asked the officer if the lighting conditions were "enough" to "be able to see the cracked windshield." In addition, defense counsel made a persuasive argument at the conclusion of the suppression hearing that the officer's testimony regarding the cracked windshield was not credible and that there "was really no probable cause for the stop of that vehicle." The fact that the court did not agree with defense counsel's assessment of the credibility of the officer does not amount to ineffective assistance of counsel. Indeed, " '[s]peculation that a more vigorous cross-examination might have [undermined the credibility of a witness] does not establish ineffectiveness of counsel' " (*People v Williams*, 110 AD3d 1458, 1459-1460, *lv denied* 22 NY3d 1160).

All concur except FAHEY, J., who dissents and votes to reverse in accordance with the following Memorandum: I respectfully dissent because in my view defendant was deprived of his right to effective assistance of counsel. Initially, defendant contends that he was denied effective assistance of counsel inasmuch as defense counsel did not introduce in evidence a vehicle inventory form reflecting that the windshield of the vehicle defendant was driving at the time he was stopped by the police was undamaged. The vehicle inventory form directly contradicts the testimony of the police officer who stopped

that vehicle inasmuch as that officer testified at the suppression hearing that he stopped the car because of a "pretty big" crack that "covered most of the windshield."  Notably, the vehicle inventory form is attached to defendant's appellate brief and is signed by the testifying police officer.  It indicates that there was "no damage" to the vehicle, contradicting the officer's testimony.  Inasmuch as the vehicle inventory form is outside the record on appeal, however, I agree with the majority that defendant's contention concerning the vehicle inventory form is properly the subject of a motion pursuant to CPL article 440 (*see People v Dizak*, 93 AD3d 1182, 1185, *lv denied* 19 NY3d 972, *reconsideration denied* 20 NY3d 932).

I further conclude, however, that defendant was deprived of meaningful representation by defense counsel's deficient performance at the suppression hearing.  In my view, defense counsel did not adequately explore the circumstances of the subject traffic stop.  In particular, I note that he did not inquire in detail concerning the lighting conditions present at the time of the stop; the proximity of the vehicle defendant was driving to a streetlight; the weather at the time of the traffic stop; or the location of the vehicle defendant was driving in relation to the officer's location when he allegedly observed the crack in the windshield.  I thus conclude that defense counsel's deficient cross-examination was tantamount to a failure to supply County Court with a rationale to grant suppression (*see People v Clermont*, 22 NY3d 931, 933-934; *cf. People v Mobley*, 120 AD3d 916, 919), and that defendant was denied effective assistance of counsel thereby (*see generally People v Baldi*, 54 NY2d 137, 147).  Consequently, I would reverse the judgment, vacate the plea and remit the matter to County Court for further proceedings on the indictment.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court