# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1017**

**KA 13-02135**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

SAMUEL MUSCARELLA, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered October 15, 2013. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree and predatory sexual assault (two counts) and, upon a plea of guilty, of aggravated harassment in the second degree (six counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the first degree (Penal Law § 140.30 [3]) and two counts of predatory sexual assault (§ 130.95 [1] [b]) and, upon a guilty plea, of six counts of aggravated harassment in the second degree (§ 240.30 former [2]). By making only a general motion for a trial order of dismissal, defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19). Furthermore, viewing the evidence in light of the elements of the crimes of burglary in the first degree and predatory sexual assault as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that County Court erred in failing to specify the dangerous instrument when it charged the jury with respect to the predatory sexual assault charge in count two of the indictment (*see People v Corney*, 303 AD2d 1006, 1007, *lv denied* 1 NY3d 570; *People v Molling*, 238 AD2d 915, 915). In any event, we note that the instruction given by the court was consistent with the pattern Criminal Jury Instructions for predatory sexual assault, which does not require the court to specify the dangerous instrument (*see CJI2d[NY] Penal Law § 130.95 [1] [b]*).

Contrary to defendant's contention, Penal Law § 240.30 (former
[2]) is constitutional inasmuch as "its proscription is limited to
conduct" (*People v Shack*, 86 NY2d 529, 535).  The concerns of the
Court of Appeals with respect to any proscription of speech in section
240.30 (1) (a) are therefore not relevant to this case (*see generally
People v Golb*, 23 NY3d 455, 467).

Defendant further contends that he did not receive a fair trial
because the court improperly denied his request for a missing witness
charge and improperly struck a portion of a police officer's testimony
on hearsay grounds.  That contention is without merit.
" '[D]efendant's request for . . . a [missing witness] charge, made
after the close of proof, was untimely' " and, in any event,
"defendant failed to meet his burden of establishing his entitlement
to such a charge inasmuch as the uncalled witness's testimony would
have been cumulative" (*People v Arroyo*, 111 AD3d 1299, 1300, *lv denied*
23 NY3d 960).  With respect to the police officer's testimony, even
assuming, arguendo, that the court improperly entertained the People's
late hearsay objection, we conclude that any error is harmless
inasmuch as the court never instructed the jury that the testimony was
stricken.  The evidence of guilt is overwhelming, and there is "no
significant probability that defendant would have been acquitted but
for the error" (*People v Brooks*, 26 AD3d 867, 867, *lv denied* 6 NY3d
892).

We have examined defendant's remaining contentions and conclude
that none requires modification or reversal of the judgment.

Entered:  October 2, 2015                          Frances E. Cafarell
                                                    Clerk of the Court