■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD R. COOPER, Appellant. [24 NYS3d 481]—

Appeal from a judgment of the Cattaraugus County Court

(Ronald D. Ploetz, J.), rendered December 16, 2013. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony and aggravated unlicensed operation of a motor vehicle in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated (Vehicle and Traffic Law § 1192 [2]) and aggravated unlicensed operation of a motor vehicle in the second degree (§ 511 [2] [a]). We note at the outset that the certificate of conviction contains a clerical error, i.e., it incorrectly recites that defendant was convicted of aggravated unlicensed operation of a motor vehicle in the first degree, and it must therefore be amended to reflect that he was convicted of aggravated unlicensed operation of a motor vehicle in the second degree (*see People v Saxton*, 32 AD3d 1286, 1286-1287 [2006]).

We agree with defendant that his waiver of the right to appeal is not valid (*see People v Jackson*, 99 AD3d 1240, 1240-1241 [2012], *lv denied* 20 NY3d 987 [2012]). During the plea colloquy, County Court "conflated the appeal waiver with the rights automatically waived by the guilty plea" (*People v Martin*, 88 AD3d 473, 474 [2011], *affd* 19 NY3d 914 [2012]) and, thus, "the record fails to establish that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Jackson*, 99 AD3d at 1241 [internal quotation marks omitted]). Defendant failed to preserve for our review his contention with respect to the alleged inaccuracy of information relied upon by the court in sentencing him (*see People v Lord*, 59 AD3d 1010, 1011 [2009], *lv denied* 12 NY3d 855 [2009]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Defendant's contention that he was denied effective assistance of counsel does not survive his plea because defendant "failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that [he] entered the plea because of his attorney['s] allegedly poor performance" (*People v Grandin*, 63 AD3d 1604, 1604 [2009] [internal quotation marks omitted], *lv denied* 13 NY3d 744 [2009]). In any event, we conclude that defendant was afforded meaningful representation inasmuch as he "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]; *see People v Parson*, 122 AD3d 1441, 1443 [2014]). Finally, the

sentence is not unduly harsh or severe. Present—Whalen, P.J., Peradotto, Carni, Lindley and DeJoseph, JJ.