# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

118
KA 14-00191
PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V            MEMORANDUM AND ORDER

DONALD R. COOPER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (GARY M. PHILLIPS OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (AMBER L. KERLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered December 16, 2013. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony and aggravated unlicensed operation of a motor vehicle in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated (Vehicle and Traffic Law § 1192 [2]) and aggravated unlicensed operation of a motor vehicle in the second degree (§ 511 [2] [a]). We note at the outset that the certificate of conviction contains a clerical error, i.e., it incorrectly recites that defendant was convicted of aggravated unlicensed operation of a motor vehicle in the first degree, and it must therefore be amended to reflect that he was convicted of aggravated unlicensed operation of a motor vehicle in the second degree (*see People v Saxton*, 32 AD3d 1286, 1286-1287).

We agree with defendant that his waiver of the right to appeal is not valid (*see People v Jackson*, 99 AD3d 1240, 1240-1241, *lv denied* 20 NY3d 987). During the plea colloquy, County Court "conflated the appeal waiver with the rights automatically waived by the guilty plea" (*People v Martin*, 88 AD3d 473, 474, *affd* 19 NY3d 914) and, thus, "the record fails to establish that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Jackson*, 99 AD3d at 1241 [internal quotation marks omitted]). Defendant failed to preserve for our review his contention with respect to the alleged inaccuracy of information relied upon by the court in sentencing him (*see People v Lord*, 59 AD3d 1010, 1011, *lv denied* 12 NY3d 855), and we decline to

exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Defendant's contention that he was denied effective assistance of counsel does not survive his plea because defendant "failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that [he] entered the plea because of his attorney['s] allegedly poor performance" (*People v Grandin*, 63 AD3d 1604, 1604 [internal quotation marks omitted], *lv denied* 13 NY3d 744). In any event, we conclude that defendant was afforded meaningful representation inasmuch as he "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404; *see People v Parson*, 122 AD3d 1441, 1443). Finally, the sentence is not unduly harsh or severe.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court