# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1064
KA 13-01182
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MICHAEL KING, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL KING, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered April 16, 2013. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class D felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of driving while intoxicated as a class D felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]) and sentencing him to an indeterminate term of incarceration of 1⅔ to 5 years. Even assuming, arguendo, that defendant's waiver of the right to appeal was invalid and thus does not preclude our review of his challenge to the severity of the sentence (*see People v Davis*, 114 AD3d 1166, 1167, *lv denied* 23 NY3d 1035; *People v Theall*, 109 AD3d 1107, 1108, *lv denied* 22 NY3d 1159), we nevertheless conclude that the sentence is not unduly harsh or severe.

Defendant contends in his pro se supplemental brief that he was denied effective assistance of counsel. That contention does not survive his guilty plea because defendant failed to demonstrate that "the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance" (*People v Lucieer*, 107 AD3d 1611, 1612 [internal quotation marks omitted]; *see People v VanVleet*, 140 AD3d 1633, 1633, *lv denied* 28 NY3d 938). In any event, we conclude that "defendant was afforded meaningful representation inasmuch as he 'receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People*

*v Cooper*, 136 AD3d 1397, 1398, *lv denied* 27 NY3d 1067; *see People v Ford*, 86 NY2d 397, 404; *People v Parson*, 122 AD3d 1441, 1443).

We have considered defendant's remaining contention, a challenge to the court's jurisdiction that survives the guilty plea and would survive even a valid waiver of the right to appeal (*see People v Hansen*, 95 NY2d 227, 230-231; *see also People v Oliveri*, 49 AD3d 1208, 1209; *People v June*, 30 AD3d 1016, 1017, *lv denied* 7 NY3d 813, *reconsideration denied* 7 NY3d 868), and we conclude that the contention is without merit.

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court