People v Cramer (2018 NY Slip Op 08842)





People v Cramer


2018 NY Slip Op 08842


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND TROUTMAN, JJ.


1334 KA 16-01163

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUSTIN R. CRAMER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (MICHAEL S. DEAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered September 29, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). We agree with defendant that the waiver of the right to appeal is invalid because "the minimal inquiry made by County Court was insufficient to establish that the court engage[d] . . . defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Carroll, 148 AD3d 1546, 1546 [4th Dept 2017], lv denied 29 NY3d 1077 [2017] [internal quotation marks omitted]; see People v Lewis [appeal No. 1], 161 AD3d 1588, 1588 [4th Dept 2018]). Moreover, the colloquy concerning the waiver of the right to appeal, which was immediately preceded by a colloquy concerning the rights automatically forfeited by a guilty plea, conflated the right to appeal with the rights forfeited by a guilty plea (see People v Cooper, 136 AD3d 1397, 1398 [4th Dept 2016], lv denied 27 NY3d 1067 [2016]). We nevertheless reject defendant's challenge to the severity of the sentence.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court