People v Walker (2019 NY Slip Op 03190)





People v Walker


2019 NY Slip Op 03190


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


401 KA 16-01833

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEONDRA WALKER, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered September 26, 2016. The judgment convicted defendant, upon her plea of guilty, of robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of robbery in the third degree (Penal Law
§ 160.05). As defendant contends and the People correctly concede, the waiver of the right to appeal is invalid (see People v Jackson, 99 AD3d 1240, 1240-1241 [4th Dept 2012], lv denied 20 NY3d 987 [2012]). During the plea colloquy, County Court "conflated the appeal waiver with the rights automatically waived by the guilty plea" (People v Martin, 88 AD3d 473, 474 [1st Dept 2011], affd 19 NY3d 914 [2012]; see People v Hawkins, 94 AD3d 1439, 1439-1440 [4th Dept 2012], lv denied 19 NY3d 974 [2012]; People v Tate, 83 AD3d 1467, 1467 [4th Dept 2011]), and thus " the record fails to establish that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Sanborn, 107 AD3d 1457, 1458 [4th Dept 2013]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court