People v Smith (2023 NY Slip Op 04241)

People v Smith

2023 NY Slip Op 04241

Decided on August 10, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 10, 2023

113545
[*1]The People of the State of New York, Respondent,
v
Karim Smith, Appellant.

Calendar Date:June 23, 2023

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and McShan, JJ.

Angela Kelley, East Greenbush, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered April 13, 2022, which resentenced defendant following his conviction of assault in the third degree.
As noted in this Court's previous decision, defendant was convicted following a jury trial of two counts of criminal possession of a weapon in the second degree, one count each of assault in the second degree — as a lesser included offense of the second count of assault in the first degree — reckless endangerment in the second degree — as a lesser included offense of reckless endangerment in the first degree — and criminal possession of a weapon in the third degree (193 AD3d 1260 [3d Dept 2021], lv denied 37 NY3d 968 [2021]). Defendant initially was sentenced, as a second felony offender, to concurrent prison terms of 12 years, to be followed by five years of postrelease supervision, on each conviction of criminal possession of a weapon in the second degree and to lesser concurrent terms of incarceration on the remaining convictions (id. at 1261). Upon appeal, this Court found that there was insufficient evidence to demonstrate that the victim suffered a serious physical injury as required for a conviction of assault in the second degree (id. at 1261-1263). As such, this Court modified that judgment of conviction by reducing defendant's conviction for assault in the second degree under count 6 of the indictment to assault in the third degree, vacated the sentence imposed thereon and remitted the matter for resentencing on said count (id. at 1263, 1269).
On remand, County Court resentenced defendant on the conviction of assault in the third degree to time served, noting that the sentence on the remaining convictions remained the same. Defendant appeals.
Defendant contends that, because the initial sentencing court took into consideration that the victim suffered a serious physical injury, he is entitled to a de novo resentencing proceeding on all counts of conviction. As defendant raises this issue for the first time on this appeal, it is not preserved for our review (see CPL 470.05 [2]; People v Flowers, 28 NY3d 536, 540 [2016]; People v Mahley, 90 AD3d 1524, 1525 [4th Dept 2011]). In any event, were we to consider it, we would find it to be without merit as this Court's prior decision specifically directed that the matter was remanded for resentencing only on the assault conviction and otherwise affirmed the remaining convictions and the sentences imposed thereon (193 AD3d at 1269).
Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.